# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMESSE GAMBLE, | 1:08-cv-01989-AWI-BAK-GSA HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR WRIT OF |
| v. | HABEAS CORPUS (Doc. 1) |
| CALIFORNIA STATE PRISON, CORCORAN, | ORDER REQUIRING OBJECTIONS TO BE FILED WITHIN TWENTY DAYS |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On December 31, 2008, Petitioner filed his petition for writ of habeas corpus in this Court. (Doc. 1).

Petitioner alleges that he was convicted in the Superior Court of the County of Los Angeles of assault with force likely to cause great bodily injury or death and sentenced to a term of twenty-five years to life on September 22, 1998. (Doc. 1, p. 3). In the petition, Petitioner does not challenge either his conviction or sentence. Rather, Petitioner complains that Respondent has failed to provide Petitioner with adequate medical care or treatment. (Id. at p. 4). Petitioner alleges that he suffers from a "serious medical condition" known as reactive hypoglycemia, that

1

caused physical, emotional and mental illness that precludes Petitioner from functioning independently. (Id.). Petitioner alleges that he requires a diet similar to that used to control diabetes. (Id.).

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, Petitioner complains that Respondents have failed to accommodate his hypoglycemia by providing a diet similar to that provided to diabetic inmates. Petitioner alleges that Respondents' failure to provide adequate medical care allows his condition, which causes physical, mental, and emotional problems, to persist. Petitioner is challenging the conditions of his confinement, not the fact or duration of that confinement. Thus, Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed. Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS:

1. That the petition for writ of habeas corpus (Doc. 1), be DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas corpus relief;

2. That the Clerk of Court be DIRECTED to send Petitioner the standard form for claims pursuant to 42 U.S.C. § 1983.

This Findings and Recommendations is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **April 22, 2009**         /s/ Gary S. Austin
UNITED STATES MAGISTRATE JUDGE